IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHAKA D. WILLIAMS,<br><br>    Petitioner,<br><br>  v.<br><br>CHARLES KELLY,[1] Superintendent,<br>Marcy Correctional Facility,<br><br>    Respondent. | No. 9:12-cv-00137-JKS<br><br>MEMORANDUM DECISION |

Shaka D. Williams, a New York state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus with this Court pursuant to 28 U.S.C. § 2254. Williams is currently in the custody of the New York State Department of Corrections and Community Supervision and is incarcerated at Marcy Correctional Facility. Respondent has answered. Williams has not replied.

## I. BACKGROUND/PRIOR PROCEEDINGS

In satisfaction of a four-count indictment, Williams pled guilty to criminal sale of a controlled substance in the third degree in exchange for receiving an indeterminate term of six years' imprisonment followed by three years of post-release supervision. In further consideration of the plea, the prosecution agreed to forgo potential prosecutions for first-degree perjury resulting from Williams's grand jury testimony and a felony charge for first-degree bail jumping.

---

  [1] Charles Kelly, Superintendent, Marcy Correctional Facility, is substituted for Mark Bradt. FED. R. CIV. P. 25(c).

Williams pled guilty and was adjudicated as a second felony offender. The court sentenced Williams to six years' imprisonment followed by three years of post-release supervision in accordance with the plea agreement.

On appeal, Williams was represented by counsel who filed a brief requesting to be relieved of his assignment because there were no meritorious or non-frivolous issues to appeal. Williams then filed a *pro se* supplemental brief arguing that his plea was not knowingly, voluntarily, and intelligently entered, his plea allocution was legally insufficient because it did not demonstrate the requisite mental state to sell cocaine, and his statement at the plea allocution that he was the "muscle" during the transaction was ambiguous. The Appellate Division agreed that there were no meritorious or non-frivolous issues to be raised, granted counsel's leave to withdraw, and affirmed Williams's conviction.

Williams then filed a *pro se* application for leave to appeal to the Court of Appeals, which the court summarily denied.

Williams timely filed a Petition for Writ of Habeas Corpus with this Court.

## II. ISSUES RAISED

Williams argues in his Petition before this Court that: 1) his guilty plea was not knowing, intelligent and voluntary where, at the plea hearing, the court failed to inquire into the facts supporting the charge; and 2) he was denied the effective assistance of counsel where trial counsel failed to object to the insufficiency of the plea allocution.

## III. STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d), this Court cannot grant relief unless the decision of the state court was "contrary to, or

involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," § 2254(d)(2). A state-court decision is "contrary" to federal law "if the state court applies a rule that contradicts the governing law set forth" in controlling Supreme Court authority or "if the state court confronts a set of facts that are materially indistinguishable from a decision" of the Supreme Court, but nevertheless arrives at a different result. *Williams v. Taylor*, 529 U.S. 362, 406 (2000).

The Supreme Court has explained that "clearly established Federal law" in § 2254(d)(1) "refers to the holdings, as opposed to the dicta, of [the Supreme Court] as of the time of the relevant state-court decision," *Williams*, 529 U.S. at 412, and not circuit precedent, *see Renico v. Lett*, 130 S. Ct. 1855, 1865-66 (2010). The holding must also be intended to be binding upon the states; that is, the decision must be based upon constitutional grounds and not on the supervisory power of the Supreme Court over federal courts. *Early v. Packer*, 537 U.S. 3, 10 (2002). Thus, where holdings of the Supreme Court regarding the issue presented on habeas review are lacking, "it cannot be said that the state court 'unreasonabl[y] appli[ed] clearly established Federal law.'" *Carey v. Musladin*, 549 U.S. 70, 77 (2006) (citation omitted). In applying these standards in habeas review, this Court reviews this "last reasoned decision" by the state court. *Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991); *Jones v. Stinson*, 229 F.3d 112, 118 (2d Cir. 2000). Under AEDPA, the state court's findings of fact are presumed to be correct unless the petitioner rebuts this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

Williams did not file a traverse. 28 U.S.C. § 2248 provides:

> The allegations of a return to the writ of habeas corpus or of an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true.

Ordinarily, under § 2248, where there is no denial of the Respondent's allegations in the answer, or the denial is merely formal unsupported by an evidentiary basis, the court must accept Respondent's allegations. *See Carlson v. Landon*, 342 U.S. 524, 530 (1952). Where there is no traverse filed and no evidence offered to contradict the allegations of the return, they must be accepted as true. *United States ex rel. Catalano v. Shaughnessy*, 197 F.2d 65, 66 (2d Cir. 1952) (per curiam).

## IV. DISCUSSION

<u>Claim One: Voluntariness of plea and failure to inquire into factual basis of plea</u>

Williams first argues that his guilty plea was not entered knowingly, voluntarily, or intelligently because the court failed to inquire as to the factual basis of the charge.

"A plea of guilty is considered voluntary and intelligent if the defendant enters the plea with full awareness of its 'direct consequences.'" *Wilson v. McGinnis*, 413 F.3d 196, 199 (2d Cir. 2005) (citing *Brady v. United States*, 397 U.S. 742, 755 (1970)). A criminal defendant's self-inculpatory statements made under oath at his plea allocution "carry a strong presumption of verity," *United States v. Maher,* 108 F.3d 1513, 1530 (2d Cir.1997) (quoting *Blackledge v. Allison,* 431 U.S. 63, 74 (1977)), and "are generally treated as conclusive in the face of the defendant's later attempt to contradict them," *Adames v. United States*, 171 F.3d 728, 732 (2d Cir. 1999).

Here, Williams's statements made under oath at his plea hearing indicate that he entered his plea with full awareness of its consequences. Williams answered affirmatively when asked if he wanted to plead guilty, if he had the time to discuss the plea with counsel, and that he was aware that by pleading guilty he was giving up various rights, including the right to a jury trial, the right to confront witnesses, and the right to testify. Williams further stated that no one had promised anything, other than the sentence set forth in the plea agreement, or threatened him in order to obtain his guilty plea. Williams affirmatively answered when asked if he was entering his plea freely and voluntarily after conferring with counsel.

Williams's claim that the failure of the court to inquire into the factual basis of the plea agreement is similarly without merit. "[D]ue process does not mandate a factual basis inquiry by state courts." *Willbright v. Smith*, 745 F.2d 779, 780 (2d Cir. 1984) (per curium). Rather, "[a] factual basis inquiry . . . is merely one way of satisfying the constitutional requirement that a plea be voluntary and intelligent." *Id*. In any event, the court did engage in a factual basis inquiry during which Williams admitted that he served as the "muscle" in an attempted sale of cocaine to a confidential informant.

Accordingly, the Appellate Division's determination that this claim was meritless is not contrary to or an unreasonable application of federal law. 28 U.S.C. § 2254(d).

Claim Two: Ineffective assistance of trial counsel

Williams next claims that his trial counsel was ineffective for failing "to object to the insufficiency of the plea allocution."

As this Court has already discussed, Williams's argument that the plea allocution was ineffective is without merit; consequently, Williams's trial counsel cannot be ineffective for

having failed to object. *See Lockhart v. Fretwell*, 506 U.S. 364, 374 (1993) (O'Connor, J., concurring) (failing to raise a meritless objection cannot constitute prejudice under an ineffective assistance of counsel claim as set forth in *Strickland v. Washington*, 466 U.S. 668 (1984)).

## V. CONCLUSION

Williams is not entitled to relief on any ground raised in his Petition.

**IT IS THEREFORE ORDERED THAT** Williams's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability. 28 U.S.C. § 2253(c); *Banks v. Dretke,* 540 U.S. 668, 705 (2004) ("To obtain a certificate of appealability, a prisoner must 'demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" (quoting *Miller-El*, 537 U.S. at 327)). Any further request for a Certificate of Appealability must be addressed to the Court of Appeals. *See* FED. R. APP. P. 22(b); Second Circuit R. 22.1.

The Clerk of the Court is to enter judgment accordingly.

Dated: December 4, 2013.

/s/ James K. Singleton, Jr.
JAMES K. SINGLETON, JR.
United States District Judge
